Cherri Ell Phillips
3711 Lanamer Road
Randallstown, MD 21133

      Plaintiff

      v.

Jeffrey Nadel
Scott Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

      Substitute Trustees


Wells Fargo Bank, National Association, as Trustee
Under Pooling and Servicing Agreement dated as of
August 1, 2006 Securitized Asset-Backed Receivables
LLC Trust 2006-HE1 Mortgage Pass-Through Certificates,
Series 2006-HE1

HomEq  Servicing
4837 Watts Avenue
North Highlands, CA  95660

Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL  33409

      Defendants

**Civil No.:**

COMPLAINT FOR:

 1. Negligence;

 2. Fraud;

3. Perjury;

4. Wrongful Foreclosure;

5.  Set aside Substitute
    Trustees' Sale;

6. To Void or Cancel
    Deed of Appointment
    or Deed of Removal

7. Quiet Title


## PARTIES

1.    Plaintiff is and at all times relevant has been resident of Baltimore County,

Maryland. The land owner and owner-occupied of recorded among the Land Records of Baltimore County, Maryland in Liber 23717, Folio 211. A parcel of Real Property commonly as known as: 3711 Lanamer Road; Randallstown; MD 21133. Baltimore County, Maryland, (hereinafter "SUBJECT PROPERTY," which legal description is attached hereto as Exhibit "A").

2. Defendants JEFFREY NADEL AND SCOTT NADEL (hereinafter "SUBSTITUTE TRUSTEE(S)") are and at all times herein mentioned, conducting business in Baltimore County, Maryland.

3. Defendants WELLS FARGO BANK, NATIONAL ASSOCIATION (hereinafter "TRUSTEE(S)) are and at all times herein mentioned. Its principal place of business is unknown.

4. Defendants HOMEQ SERVICING (hereinafter "HOMEQ") is and at all times herein mentioned, conducting business in the State of California.

5. Defendants OCWEN LOAN SERVICING, LLC (hereinafter "OCWEN") is and at all times herein mentioned, conducting business in the State of Florida.

6. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator, or member of a joint venture of, each of the Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

7. On or about March 18, 2005, Plaintiff purchased certain real property commonly known as ("The Subject Property").

8. On or about March 23, 2006, Plaintiff refinanced the loan on the Subject property through Fremont Investment and Loan and executed a promissory note in favor of Fremont Investment and Loan. The note was secured by a deed of trust with Fremont Investment and Loan as beneficiary.

9. Plaintiff made each payment due on the new loan.

10. On or about June 2007, Plaintiff became pregnant with twins and was put on bed

2

rest from December 2007 until their birth in February 2008. Plaintiff financial income decreased due to short-term disability.

11.    On or about March 2010, Plaintiff filed Chapter 7 bankruptcy in order to save Subject Property from foreclosure.

12.    On or about from March 2010 to July 20, 2011, Plaintiff actively sought mortgage and foreclosure assistance via Department of Housing and Community Development, HomEq and Ocwen Servicing.

13.    On or about February 2011, Ocwen informed Plaintiff in order to save Subject Property from foreclosure approximately $ 75,000 was needed to satisfy arrears.

## FIRST CAUSE OF ACTION FOR

## NEGLIGENCE

14.    On July 8, 2011, Defendant Scott Nadel, Substitute Trustee mailed out an Affidavit of Notice Pursuant to Maryland Real Property Article 7-105.2, 7-105.3, 7-105.9, 14-126, RULE 14-210 and RULE 14-209 et seq. It included reference to Preliminary and/or Final Loss Mitigation Affidavits and/or Loss Mitigation applications. Defendants Substitute Trustees were negligent and in violation of Maryland RULE 14-202 (d) (3). Defendants failed to provide explanation for denial of loan modification and loss mitigation. Is attached hereto as Exhibit "B."

15.    In addition, according to Code, Real Property Article, § 7-105.1 is supplemented to include this requirement, and it is clarified to include the requirement that the form of Affidavit be substantially in the form prescribed by regulation adopted by the Commissioner of Financial Regulation.

16.    Defendants HomEq, Ocwen and Substitute Trustees were negligent and in violation of Maryland RULE 14-202 (3) (e) and Code, Real Property Article, §§ 7-105.1 (i), (j), (k), and (1) for failure to provide paperwork for Plaintiff's request of Foreclosure Mediation.

17.    As a direct and proximate result of the negligence and carelessness of Defendants

3

as set forth above, Plaintiff wasted several critical months which could have been used to stop the foreclosure of the property through negotiation or legal action resulting in general and special damages to Plaintiffs in an amount to be determined at trial.

18.     Plaintiff's name was incorrectly misspelled on court and legal documents.

## SECOND CAUSE OF ACTION FOR

## FRAUD

19.     The Substitute Trustees committed fraud and was in violation of Code, Real Property Article § 7-105.3 (i) (1-2).  Substitute Trustees certified and affirmed under penalty of perjury that Notice of Intent to Foreclose was sent certified mail return receipt requested and via first class mail on October 26, 2009.  The certified mail return receipt was never sent and the form never even filled out. The form is blank.  Is attached hereto as Exhibit "C."

20.     The Affidavit of Default and Notice of Intent to Foreclose dated on January 18, 2010 was also based on fraud, since certified mail return receipt requested was not sent on October 26, 2009.

21.     Plaintiff was never served or signed return receipt according to Maryland Rule 14-209 ) for Service Requirement of Foreclosure Complaint.

22.     On January 22, 2010, No docketing package was affixed to the center of the "Subject Property's" door.

23.     The Affidavit of Service is false and fraudulent due to its reference to Bernstein & Bernstein failure to serve Plaintiff.

24.     Bernstein & Bernstein, Inc., Dept. ID# D01921246, Status: Forfeited, Good Standing: NO; Maryland  Department of Assessments & Taxation; Business Information Maryland Department of Assessments & Taxation definition of forfeited- A Maryland entity, its existence has been ended by the State for some delinquency.

25.     Plaintiff was not sent Notice of Foreclosure Sale via certified mail return receipt on July 08, 2011.

26.     As a result of Defendants' fraudulent conduct, Plaintiff has suffered

compensatory, general and special damages in an amount according to proof at trial. Additionally, Defendants acted with malice, fraud and/or oppression and, thus Plaintiff is entitled to an award of punitive damages.

27.    Official documents signed by Assistant Secretaries.

28.    Notarized documents by agents in California with Maryland Substitute Trustees' letterhead.

29.    Lexington National Insurance Corporation, Power of Attorney, Terry Marquess was appointed Power of Attorney and also signed as the Notary Public. According to #9 of the legal responsibilities of notaries public in the State of Maryland.  "Notaries should refrain from performing any official acts for members of their immediate family or **any acts where the notary is personally involved** or may benefit from the outcome of the document. Also failed to provide the expiration date of her commission. Is to attached hereto as Exhibit "D."

30.    Terry Marquess is the Executive Assistant to the President, Brian J. Frank for Lexington National Insurance Corporation in Baltimore, Maryland

## THIRD CAUSE OF ACTION FOR

### PERJURY

31.    The Substitute Trustees took an Oath or Affirmation for the Admission to the Maryland's Bar.  To support, protect and defend the Constitution, laws and government. Code, Business Occupations and Professions Article, § 10-212.

32.    The Substitute Trustees committed perjury, when they certified and signed fraudulent documents and Affidavits concerning Plaintiff's Subject Property foreclosure.

33.    As a result of Defendants' acts of perjury, Plaintiff has suffered and is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION FOR

### WRONGFUL FORECLOSURE

34.     The Subject Property should have never been foreclosed on, due to the foreclosure procedure errors and fraudulent actions of the Substitute Trustees.

35.     The Subject Property was wrongfully foreclosed on due to the failure to legally execute the Maryland Foreclosure Laws.

36.     Defendants signed and notarized legal documents without legal authority.

37.     Defendants defrauded the Maryland Courts and Legal authorities and falsified documents.

38.     Defendants conduct and acts violated the Maryland Foreclosure Laws, Code Real Property § 7-105 and Maryland Rule 14-305.

39.     The conduct of the Defendants caused Plaintiff to suffer general and special damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## TO SET ASIDE SUBSTITUTE TRUSTEES' SALE

40.     The Defendants forged their legal authority to foreclose, because the Defendants never completely and legally followed the Maryland Foreclosure Rules and Laws, resulting in the non-judicial foreclosure sale being void ab initio.

41.     Plaintiff hereby requests an order of this Court that the Substitute Trustees' Sale was irregular in that it was legally void and conducted without any right or privilege by the Defendants.

## SIXTH CAUSE OF ACTION

## TO VOID OR CANCEL DEED OF APPOINTMENT

42.     The assignment of the Deed of Appointment is invalid, and of no force and effect, for reasons set forth above including inter alia, the Defendants did not have standing

or legal authority to Deed of Appointment or Deed of Removal and Appointment of Successor Trustees, because of the legal and official documents were fraudulent. Thus the non-judicial foreclosure sale being void ab initio as well as Deed of Appointment and Deed of Removal.

## SEVENTH CAUSE OF ACTION

## QUIET TITLE

43.     Plaintiff therefore seek a declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property and that said Defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray for judgment against the Defendants and each of them, jointly and severally, as follows:

1.     For a declaration of the rights and duties of the parties, specifically that the foreclosure of Plaintiff's residence was wrongful.

2.     For an order compelling said Defendants, and each of them, to transfer legal title and possession of the Subject Property to Plaintiff herein;

3.     For a declaration and determination that Plaintiff is the rightful holder of title Subject Property and that Defendants herein, and each of them, be declared to have no estate, right, title or interest in said property;

4.     For a judgment forever enjoining said Defendants, and each of them, from claiming any estate, right, title or interest in the Subject Property;

5.     To Vacate and set aside the Substitute Trustees' Foreclosure Sale.

6.     To Void and Cancel Deed of Appointment or Deed of Removal.

7.     To quiet title in favor of Plaintiff and against Defendants.

8.    For compensatory, special, general and punitive damages according to proof against all Defendants.

9.    For reasonable costs of suit and such other and further relief as the Court deems proper.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

The Plaintiff, Cherri Ell Phillips, pursuant to Constitution of Maryland, Article 5 (2) (b-c), prays to trial by jury on all issues.

DATED:  February 6, 2013

By: _____

Cherri Ell Phillips
Plaintiff

## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

Cherri Ell Phillips
3711 Lanamer Road
Randallstown, MD 21133

Civil No.:

      Plaintiff

Jeffrey Nadel
Scott Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

      Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on 6th day of February, 2013 that a copy of the following Wrongful Foreclosure Complaint/Lawsuit of Service was mailed by postage prepaid, first class to the following:

Friedman & MacFayden, P.A., as Trustees
Totman Bldg – 4th Floor
210 E. Redwood Street
Baltimore, MD 21202-3321

HomEq Servicing
4837 Watt Avenue
North Highlands, CA 95660

Ocwen Loan Servicing, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

Cherri Ell Phillips
3711 Lanamer Road
Randallstown, MD 21133

# IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

Cherri Ell Phillips
3711 Lanamer Road
Randallstown, MD 21133

Civil No.:

      Plaintiff

Jeffrey Nadel
Scott Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

      Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on 6th day of February, 2013 that a copy of the following Wrongful

Foreclosure Complaint/Lawsuit of Service was mailed by certified mail, return receipt

requested, and by postage prepaid, first class mail to the following:

Jeffrey Nadel
Scott Nadel
4041 Powder Mill Road, Suite 415
Calverton, MD 20705

And

Bierman, Geesing, Ward & Wood, LLC
4520 East West Highway, Suite 200
Bethesda, MD 20814

 

                                      *Cherri Ell Phillips*

                                        Cherri Ell Phillips
                                        3711 Lanamer Road
                                        Randallstown, MD 21133